BOARD OF LAND COMMISSIONERS OF NACOGDOCHES COUNTY vs. JAMES RILEY — Appeal from Nacogdoches County.

Applicants for headright certificates must comply with all the requisites pointed out by the land law of 1837, to sustain their claims.

The conditions on which claims are to be approved are limitations upon the authority of the tribunal acting under the law, and, without a compliance with the requisites of the statute, the legal power to grant a certificate of the claim is not vested in the court.

This was an application presented to the board of land commissioners of Nacogdoches county, by James Riley, assignee

of Dolorez Hernandez, for a certificate under the 12th section of the general land law of 1837. The application was founded upon an order of survey in the following words:

"No. 283, Nacogdoches, Sept. 9, 1835, Mr.

"Sir: You are hereby authorized to survey within the limits described by me in your instructions, the sito and labor of land which Mr. Dolorez Hernandez will designate to you, provided said land is entirely vacant, strictly observing in every particular the instructions given you.

(Signed)                    "GEO. W. SMYTH, Comm'r."

The board of land commissioners decided against the claim, and the applicant appealed to the district court, at which he obtained a verdict and judgment in his favor, and an appeal was taken to the supreme court by the attorney representing the republic.

At the trial, the following facts were agreed to by the appellant and the attorney for the republic:

"1st. The order of survey was obtained from a legally authorized commissioner, and the survey made by a legally authorized surveyor; and that the section of the general provisions of the constitution which recites " that all orders of survey legally obtained by any citizen of the republic from any legally authorized commissioner, prior to the act of the late consultation closing the land offices, shall be valid," has been complied with.

"2d. That he (the appellant) is the regular purchaser or attorney of the original grantee, and entitled as assignee or attorney to sue the board of land commissioners for a certificate: Provided, such admission of right in said Riley to sue does not go in avoidance of any duty or obligation that may by operation of law have devolved upon, or become obligatory upon, the grantee.

"3d. That these are the questions to be submitted to the court and jury: 1st. That inasmuch as the grantee has not complied with the requirements of the 12th section of the land law of 1837, can the said Riley recover before the court a verdict against the board; and 2d. That an order of survey, with field notes annexed, do not constitute a legal title, and therefore is not the subject of transfer or assignment."

After the first verdict and judgment in the district court were rendered, the cause was brought into the supreme court of the republic by appeal, and the judgment was reversed and the cause remanded for a new trial. The appellee having a second time obtained a verdict and judgment in his favor, it now comes into this court by appeal.

HARRIS, Attorney General, for appellant.

MAYFIELD for appellee.

Mr. Chief Justice HEMPHILL delivered the opinion of the court.

This application for a league and labor of land is based upon an order of survey, issued by a regularly authorized commissioner, previous to the closing of the land offices by the consultation, and upon the field notes of survey made in conformity with said order.

On the rejection of the claim by the board, an appeal was taken to the district court, and judgment rendered for appellant.

This judgment was brought to the supreme court of the republic for revision, when the same was reversed and remanded; and, on a new trial, judgment was again rendered against the board of land commissioners, and the case now under consideration is an appeal from this last judgment in favor of the appellee.

The order of survey and field notes attached were then introduced, as was also an agreement between the appellee and district attorney in relation to facts admitted, and points which were to be presented, and this was all the evidence offered to substantiate the claim. This agreement had been offered at the former trial in the district court, and is fully set forth in the opinion delivered on the former appeal, and is to be found in Dallam, p. 381. The facts and questions presented by the record are identical with those presented, reviewed and adjudged on the former appeal. We then decided, in substance, and the decision has been frequently affirmed, that applicants for headright certificates must comply with all the requisites pointed out by the land law of 1837, in order to sustain their

claims. The conditions on which claims are to be approved are limitations upon the authority of the tribunal acting under the law, and without a compliance with the requisites of the statute the legal power to grant a certificate of the claim is not vested in the court. [ *Vide* Walling *vs.* The Board of Land Commissioners; The State *vs.* Casinova.]

At the decision of the former appeal, it was supposed that the appellee might, possibly, be able to establish his claim in conformity with the requisitions of the land law of 1837, and this induced the award of a new trial, instead of a reversal and dismissal of the cause.

It seems, however, that no attempt was made to sustain the claim in the mode, and with the proof, required by the statute.

The evidence offered at the former trial was again introduced, notwithstanding that its irrelevancy and insufficiency to support the issue had been previously adjudicated.

Not one of the facts required to be proven by the statute was established at the trial, if the fact of the appellee's being the attorney or assignee of the original grantees be excepted, and that was proven only by the admission of the district attorney.

The court below should have excluded the agreement, and, in fact, all the evidence offered, as not conducing to prove the facts required by law to be established.

No question in relation to the legal effect, relevancy or sufficiency of the facts admitted by the agreement was before the district court at the new trial. These had been adjudicated on the appeal, and it had been decided, in effect, that the facts, supposing them to be proven, were immaterial, and could not, in any degree, support the issue before the court.

The cause had been remanded to give the claimant an opportunity of establishing his claim in the mode pointed out by law, and no evidence was admissible except in proof of such facts as were necessary and indispensable under the statute regulating the subject matter.

The verdict and judgment being unsupported by evidence, it is ordered that the judgment be reversed and cause dismissed.