M. J. MERRIWEATHER ET AL. V. A. D. KENNARD ET AL.

1. CONDITIONAL CERTIFICATES issued to emigrants under the land law of 1837, and prior to the passage of the act of January, 1839, could be transferred by the grantees.

2. VOID ADMINISTRATION.—An original administration, granted in 1850, upon an estate of an intestate who had died in 1841, and in ·which the only property inventoried was a conditional head-right certificate which had been transferred by the intestate, is void, and upon such facts appearing in the record, the administration should have been dismissed by the probate court.

3. DECREE VOID FOR WANT OF JURISDICTION.—An order of the probate court directing the administrator to convey the land patented under such certificate in name of the deceased to the holder of the assignment of the conditional certificate, *is void* for want of jurisdiction.

ON REHEARING.

4. UNCONDITIONAL CERTIFICATE ISSUED TO ASSIGNEE.—The unconditional certificate having issued to the assignee, the patent, although in the name of the original holder of the certificate, passed title to the assignee, and a deed from the heirs of the patentee passed no estate as against such assignee.

ERROR from Johnson. Tried below before the Hon. Charles Soward.

Trespass to try title, by M. J. Dixon and her husband, E. A. Dixon, claiming as sole heir of W. D. Merriweather, to recover 1,280 acres, the head-right of the ancestor, W. O. Merriweather.

By amended petition it was alleged that W. O. Merriweather emigrated to Texas in 1838 with his family, and settled in Austin county; that on August 2, 1838, he ob-

tained from the Board of Land Commissioners of Colorado county a conditional head-right certificate for 1,280 acres, and in 1841 died intestate, leaving little or no effects save the 1,280 certificate; that soon after the death of said intestate, in 1848, Charles Fordtran, Zaddock Hubbard, and J. J. Jackson, combining to deprive the heirs of W. O. Merriweather of said certificate, fraudulently obtained the *unconditional* certificate to be issued by the County Court of Austin county to said Charles Fordtran, assignee of W. O. Merriweather aforesaid, under which certificate the land sued for had been located, and that said parties attempted to obtain patent in the name of Charles Fordtran, assignee, but that on June 20, 1848, the Commissioner of the Land Office issued the patent in the name of W. O. Merriweather, the deceased, disregarding the pretended assignment; that, foiled in their attempt to secure patent in the name of the assignee, they, the said Hubbard, Jackson, and Fordtran, procured to be issued to said James J. Jackson, in 1850, letters of administration on the estate of W. O. Merriweather by the probate court of Austin county; that the only property returned on the inventory was the 1,280 acres aforesaid, and that said Charles Fordtran obtained an order of said court, and the said Jackson did attempt to convey to the said Fordtran the said 1,280 acres of land; that there were in fact no such transfers by W. O. Merriweather to Hubbard and from Hubbard to Fordtran as had been by them represented, as well to the County Court to obtain the unconditional certificate as to probate court to obtain an order for the transfer of said land as aforesaid.

By amendment plaintiffs set up purchase of the interest of the widow of W. O. Merriweather in the land sued for.

Defendants pleaded; excepted to the allegations of fraud for want of specific allegation of the acts complained of; pleaded not guilty; that they were *bona fide* purchasers of 640 acres of the 1,280 acre tract; and they pleaded a valid

outstanding title in Charles Fordtran.     They also specifically set up the proceedings in the probate court, the order and deed made in pursuance of the order in 1851 to Charles Fordtran, and deeds from him to defendants for the 640 acres claimed by them.

The cause was submitted to the court without a jury; judgment was rendered for the defendants, from which the plaintiffs appealed.

No facts appeared how the certificate was obtained by Fordtran, assignee of Merriweather.

*Amzi Bradshaw*, for plaintiffs in error.

*H. D. Prendergast*, for defendants in error.

OGDEN, P. J.—There are but two questions presented by this record which require notice in order to the proper disposition of the case by this court, both of which, we think, have long since been finally and definitely settled, upon authority as well as sound reason, and we therefore do not propose to discuss either, further than to show that they are directly referable to decisions heretofore made.

The first question presented is, Was a conditional certificate, which issued to emigrants and settlers under the land law of 1837, and prior to the passage of the act of Jan., 1839, transferable by the grantee?     In Graham *v.* Henry, 17 Tex., 164, this question was directly presented to the court, and Justice Wheeler, in a very able opinion, concurred in by the entire court, says, "it is the material question."

In that case, after a thorough review of the statutes on that subject, it was decided that neither the law of 1837, nor any in force up to January, 1839, "contained any prohibition or restriction upon the power of the grantee to sell and dispose of his interest, as soon as it was acquired." This decision has been uniformly acquiesced in since 1856,

and we now feel no inclination to question the wisdom of the same. The conditional certificate now in question was issued to William O. Merriweather, on the second day of August, 1838, and under the authority referred to we must hold the same transferable at the pleasure of the grantee.

The remaining question which requires notice here presents more difficulties, but which we think has also been settled: Had the County Court of Austin county authority to order the transfer by the administrator of the 1,280 acre tract of land granted to Wm. O. Merriweather, deceased?

It appears from the record that William O. Merriweather died in 1841 or 1842, leaving a surviving wife and three children, and, so far as the record discloses, leaving no debts, and no property but a conditional certificate for 1,280 acres of land, upon which, in 1846, an unconditional certificate was issued to Charles Fordtran, as the assignee of W. O. Merriweather, and which unconditional certificate was located on the land in controversy, and upon which a patent issued from the State to W. O. Merriweather, his heirs and assigns, in 1848. In 1850, one James J. Jackson was appointed administrator on the estate of Wm. O. Merriweather, deceased, and he returned, as an inventory of the property of the estate, this 1,280 acres of land. Fordtran then filed a petition in the probate court, setting up the fact that he, as assignee, was entitled to the land, and prayed an order of the court requiring the administrator to make a deed to him of the land in controversy. The prayer was granted and the deed executed, which deed is now claimed as one of the muniments of title for appellees.

Upon the hypothesis set up by appellees, and the proof, as disclosed by the administrator of Wm. O. Merriweather's estate, there was not in 1850 a dollar's worth of property rightfully belonging to that estate, and no debts to be paid. Indeed, if any debts had ever existed, they would

have become barred by the statutes of limitation in the eight or nine years which had elapsed since the death of Merriweather. There was, then, according to appellees' showing, in 1850, no estate of Wm. O. Merriweather, deceased, to be administered upon, and none to give the probate court jurisdiction. It is true that letters of administration might have been issued on the supposition that there was an estate; but when it became manifest to the court that the land in question formed no part of the estate, as it must have been in order to justify the decree for the execution of the deed, and that there was no estate to be administered, it was the duty of the court to have at once discharged the administrator, who had been erroneously appointed, and to have dismissed the whole matter from the probate docket.

We are, however, after a careful examination of the record, led to the conclusion that the whole proceedings in the probate court was gotten up and carried on by Fordtran, under the mistaken idea that the probate court had or might have jurisdiction and the authority to grant the relief he sought, and that the whole proceeding of obtaining letters of administration was a mere pretense to give the court that jurisdiction. We think this action in that court was a manifest error—that the probate court had no jurisdiction to grant letters of administration, and certainly none to order the execution of a deed. Fordtran evidently mistook his remedy, by a proceeding in the probate instead of the District Court.

But if we were to admit that the probate court had jurisdiction over the estate of William O. Merriweather, and that the 1,280 acres of land in controversy was a part of that estate, still, under the facts of this case, we must hold that the court had no jurisdiction to order a sale or transfer of the same. In Withers v. Patterson, 27 Tex., 499, this court says, in relation to the jurisdiction of the probate court to order a sale of lands: "Its power to order the sale

of land of an estate lies within very narrow limits.  It can order the sale of the land of an estate for the payment of debts and expenses of administration; to raise the amount of the allowance for the surviving wife and children, and, in certain cases, for the purposes of partition and distribution amongst the heirs.  The court has no power conferred upon it by law to sell the land of an estate for any other purpose."  And the court further says that, if a sale is ordered by the probate court for any other purpose, the order and the sale are nullities, and, being such, "may be impeached collaterally."  There is no pretense that the sale in this case was for any of the purposes specified in the above quotation, but was ordered for the sole benefit of Fordtran, with a view to patch up what he supposed an imperfect title.  We do not hesitate in deciding that the probate court had no jurisdiction to order the sale of the land for this reason, if for no other, and that the order of sale, and the sale and transfer made under it, were and are nullities, and conveyed no right or title.

But it is claimed for appellees that they are innocent purchasers, without any notice of fraud or imperfection in the title under which they claim.  But that proposition was also decided adversely to the present appellees in Withers *v.* Patterson, in which it is said: "I think the purchaser is chargeable with notice of whatever appears of record in the court showing that the court had transcended its powers; * * then the constructive notice which the record furnishes to the purchaser makes the nullity operate as to him, and destroys his claim of title."  The records of the probate court show most clearly that there was no estate to be administered when letters were issued to J. J. Jackson. And further, if there had been an estate, then the order of sale or transfer was made by the probate court without authority of law, and was therefore absolutely null and void, and could confer no right or title on any one; and being thus void, as shown by the record, no subsequent purchaser

can claim to be an innocent purchaser without notice. We therefore think that the court erred in its rulings on the exceptions to plaintiff's and defendant's pleadings, and also in its final judgment. Upon the trial below a jury was waived, and the cause submitted to the court upon the law and the facts, and we are now called upon to render such a judgment as should have been rendered below. The judgment of the District Court is therefore reversed, and a judgment will be entered here for the appellant and plaintiff below for the land in controversy, and all costs of this and the lower court.

*J. W. Ferris* and *Moore & Shelley*, on rehearing.

In October, 1846, an unconditional land certificate was issued by the Land Commissioners of Austin county to Charles Fordtran, *assignee of William O. Merriweather*, upon presentation of conditional certificate granted to said Merriweather August 2, 1838, for 1,280 acres of land. The certificate was located on the land in suit by Fordtran, and, with the field-notes, was returned to the General Land Office. Patent was issued to William O. Merriweather in 1848. This suit was brought by the heirs of Merriweather against the defendants in possession for the land. The defendants plead specially a regular chain of title from Charles Fordtran, to which plaintiffs excepted. The plaintiffs also, by way of replication, pleaded that the title of defendants was procured by combination and fraud, to which defendants excepted. The exceptions of the plaintiff to the answer were overruled, and the exceptions of defendants to the plaintiffs' replication were sustained. A jury was waived and the cause submitted to the court on the law and the facts, and judgment rendered for the defendants. The plaintiffs appealed, and the court here, on a former hearing, reversed the judgment below and rendered judgment for plaintiffs. On application of defendants, the judgment was set aside, and the case is now open on a rehearing.

Reference is made to defendants' printed brief, and more particularly to the argument and authorities cited in full in the application for rehearing.

The points relied upon, are:

1st. The certificate was issued under the land law of 1837, and it is well settled that a conditional certificate issued under that law is *assignable.* (Graham *v.* Henry, 17 Tex., 164.) This ruling is adhered to by the court in this case.

2d. The unconditional certificate having issued to *Charles* Fordtran, *assignee of Merriweather,* no further evidence of the assignment is necessary. The title is sufficiently proved in Fordtran, and the defendants having proved title from him, should have judgment.

3d. The act of February 3, 1845, in force when the certificate was issued, and to this day, is as follows: "*Be it further enacted,* That hereafter patents may issue in the name of the assignee, *when the certificate was issued in the name of the assignee,* WITHOUT AN EXHIBITION OF A CHAIN OF TRANSFERS," &c. (Pas. Dig., art. 4292; Hart. Dig., art. 2144.)

4th. True, the patent was issued in the name of Merriweather, but that is a ministerial act only. And it is expressly provided that a patent issuing to a deceased person shall inure, to all intents and purposes, to his heirs *or assignees.* (Pas. Dig., art. 4288*a.*)

5th. The County Court was a tribunal clothed with authority to determine in whose favor the unconditional certificate should issue; and having so determined, its judgment cannot be collaterally questioned. (Walters *v.* Jewett, 28 Tex., 201.)

6th. We confidently rely upon the above positions; but if not sustained by the court, and the judgment below is reversed, we then insist that the case should be remanded for a new trial. If there was error in overruling the exceptions to defendants' answer, then the ruling should be

that the demurrer be sustained, and defendants should be permitted to plead over, and prove, if they can, the assignment from Merriweather to Fordtran.

## ON REHEARING.

REEVES, ASSOCIATE JUSTICE.—The right of the grantee of a conditional certificate, under the land law of 1837, to transfer it before the unconditional certificate was issued, is not an open question in this court. (Graham v. Henry, 17 Tex., 164.)

Admitting that there was no necessity for administration on the estate of William O. Merriweather, deceased, it is believed that appellees' title to the land in controversy in this suit can be sustained without the aid of administration, and without regard to the deed from Jackson and the proceedings had in the County Court and read in evidence by appellees.

The unconditional certificate was issued to Fordtran, as assignee of Merriweather, in 1846, by the County Court of Austin county, as a Board of Land Commissioners. It recites that the conditional certificate had previously issued to Merriweather, and that Fordtran had presented it together with a transfer from Merriweather. The county commissioners having jurisdiction over the subject, the presumption, in the absence of proof to the contrary, is that it was properly exercised, and that the recital in the certificate that Fordtran presented the transfer from Merriweather is correct.

The authority of the court, as a Board of Land Commissioners, to issue a certificate to an assignee, was examined by this court in the case of Walter's Heirs v. Jewett, 28 Tex., 192, and the court said: "It might, perhaps, be urged, with much justness, that the tribunal which granted this certificate, being clothed with authority to determine in whose favor it should issue, the correctness of its judg-

ment could not be questioned, except in a direct proceeding for that purpose. Undoubtedly, it could not be done collaterally, and after the great length of time which has elapsed since this certificate was issued, except on strong and satisfactory proof."

The administration seems not to have been in opposition to the claim of Fordtran, but rather for his benefit; and whether the purpose intended was accomplished or not, there is no evidence that the intention was to defraud the estate of Merriweather or his heirs.

A period of more than twenty-five years has elapsed since the certificate was issued to Fordtran, as assignee of Merriweather; and during the time, so far as the record shows, his right was not questioned until the institution of this suit, in 1870. The remarks of the court above quoted apply with great force to this case, and bring it clearly within the operation of the rule there laid down. The patent was issued in 1848, long after the death of Merriweather; and though it issued to him, it inured to the benefit of Fordtran, as his assignee. As provided by the statute: "It shall be, to all intents and purposes and effect, as valid and effectual to convey and secure to the heirs or assignees, as the case may be, of such deceased persons, the lands so patented, or which may be so patented, as though such deceased persons had been in being at the time such patents bear date." (Pas. Dig , art. 4288*a*.) It does not appear why the patent was issued in the name of William O. Merriweather, and not to Fordtran, as assignee, as might have been done, according to the act of 1845, and in full force at the date of the patent. This act provides : "Hereafter patents may issue in the name of the assignee, when the certificate was granted in the name of the assignee, without an exhibition of the chain of transfers." (Art. 4292.)

Leaving the probate proceeding out of view, the record presents a good defense to the plaintiffs' action, and there

was no error in the judgment of the District Court, and the same is affirmed.

AFFIRMED.

Justice Moore, being of counsel, did not sit in this case.