WM. CAPP ET AL. v. T. V. TERRY ET AL.

No 2664.

1.  **Board of Land Commissioners.**—The Board of Land Commissioners of Fayette County, February 20, 1850, issued to M. E Trimble. assignee of Wm. M. Robinson, an unconditional land certificate.   *Held,* that in a collateral proceeding, from the act of issuing the certificate it will be presumed that the law had been complied with prior to the issuance to the assignee.

2.  **Patent—Assignee.**—Where a land certificate was issued to an assignee and the patent issued to the original owner, the patent enures to the benefit of the assignee, who becomes the owner of the land.

3.  **Court of Claims.**—That in the register of the Court of Claims the certificate was entered as approved in name of the original owner could not affect the title of the assignee to whom the certificate had been issued.

4.  **Secondary Evidence of Deed.**—See testimony held sufficient to establish a deed from "M. E. Trimble," the original being destroyed.   A certified copy of a recorded deed purporting to have been made by "M. E. Trimble" and acknowledged by

him, but signed "E. M. Trimble," was properly admitted, and with other evidence satisfying the jury of the facts.

5.   **Practice—Notice of Filing Deeds.**—Deeds were filed by defendants and notice served upon the plaintiffs more than three days before the trial, but the notice was signed by attorney *for defendant*. *Held*, not to be error to admit the deeds in behalf of all the defendants.

6.   **Competent Testimony.—**It was competent to allow a witness conversant with the history of the title, part of the links of which were lost, and in part inheritance, to narrate the history, naming the several links; the papers forming part of the chain, however, were proved by other competent testimony.

7.   **Charge.—** It was proper for the court to charge the jury that the land was patented by virtue of the certificate issued to the assignee—the patent not showing the fact, but it appearing by other and undisputed testimony.

8.   **Outstanding Title.—**It seems that where a land certificate was issued to an assignee and the patent was issued to the original owner, that parties holding under the assignee could defend against plaintiffs holding by quitclaim under heirs of the patentee, and such title in the assignee would be a defense as an outstanding title, even if defendants had not connected themselves with it.

APPEAL from Tarrant.   Tried below before Hon. R. E. Beckham. The opinion states the case.

*James S. Davis*, for appellants. — 1.   The Board of Land Commissioners that made said report and granted the unconditional certificate was a court of special and limited jurisdiction, acting under powers conferred upon it wholly by statute.   Act Dec. 14, 1837; Act March 1, 1848; Board Land Commissioners v. Jesse Walling, Dallam, 524; Galpin ·v. Page, 18 Wall., 350; Harvey v. Tyler, 2 Wall., 345; Pulaski County v. Stuart, 38 Gratt., 879.

2.   The Board of Land Commissioners being a court of special and limited jurisdiction, their action and ·judgments could not be any evidence of any right until it was first affirmatively shown by the record of such board that jurisdiction and authority to act in such matter had first attached; such jurisdiction would not be presumed.   Hamilton v. Ward, 4 Texas, 356; Finch v. Edmonson, 9 Texas, 513; Kempis, Lessee, v. Kennedy, 5 Cranch, 173; Rose v. Himley, 4 Cranch, 241; United States v. Arredendo, 6 Pet., 729; La Nereyda, Spanish Consul, Libelant, 8 Wheat., 108; 11 Wheat., 647; Thatcher v. Powell, 6 Wheat., 128; 5 Wend., 172–80; 17 Wend., 485, 486; 14 Wis., 375; 99 Mass., 267; Am. Lead. Cases, by H. & W., 533.

3.   The action of Board of Land Commissioners in granting unconditional certificate to assignee could not invest assignee with title to such certificate, unless assignee had personally appeared before board and taken the oath required by law and produced before board conditional certificate No. 21 upon which unconditional certificate was based, together with a transfer to assignee of conditional certificate.   Such facts were prerequisite jurisdictional facts, upon which depended the power and authority of

the Land Board to grant unconditional certificate to assignee. Board of Land Commissioners v. Reily, Dallam, 381; Board of Land Commissioners v. Walling, Dallam, 524; Johns v. Republic, Dallam, 621, 622; The State v. De Casinova, 1 Texas, 401–4; The State v. Manchaca, 1 Texas, 589; Grooms v. The State, 1 Texas, 574, 575; Republic v. Skidmore, 2 Texas, 264; Norton's Successors v. The Commissioners, 2 Texas, 361; Goode v. McQueen's Heirs, 3 Texas, 241; Land Commissioner v. Reily, 3 Texas, 250; Griffith v. Frazier, 8 Cranch, 9; Smith v. United States, 10 Pet., 327.

4. The act of the Board of Land Commissioners of Fayette County in granting unconditional certificate No. 241 to M. E. Trimble, assignee, conferred no right upon assignee unless assignee had before obtained the conditional certificate, by purchase or otherwise. Act March 1, 1848; Hart. Dig., pp. 673, 674; Calvert v. Ramsey, 59 Texas, 490.

5. No presumption can be indulged in favor of the action of the Board of Land Commissioners in granting unconditional certificate to assignee, and in favor of assignee's ownership of conditional, in the absence of proof of jurisdiction in the board, and in the absence of recital in unconditional certificate that assignee produced transfer of conditional certificate. Goode v. McQueen's Heirs, 3 Texas, 241; Merriweather v. Kennard, 41 Texas, 281; 5 Cranch, 173; 6 Pet., 729.

6. The unconditional certificate offered in evidence by appellees was not evidence of any right in the absence of signature and seal of county clerk of Fayette County. Hart. Dig., art. 2052.

7. Appellees could introduce no evidence in defense of appellants' action but such as would connect them with the outstanding equitable title in the hands of the owner of the unconditional certificate upon which patent issued; and proof of transfer from "E. M." Trimble, when unconditional certificate had issued to "M. E." Trimble, would be incompetent. Tapp v. Corey, 64 Texas, 594; Johnson v. Timmons, 50 Texas, 521; Shields v. Hunt, 45 Texas, 424.

8. The certified copy of transfer from "E. M." Trimble acknowledged by "M. E." Trimble was inadmissible without proof of execution of original transfer and loss of the same. Rev. Stats., arts. 2257, 4308, 4309; Hancock v. Lumber Co., 65 Texas., 225.

9. The owner of unconditional certificate would not be entitled to recover against those claiming under patentee, unless their unconditional certificate had been located upon the land in controversy. Adams & Wicks v. House, 61 Texas, 641; Johnson v. Eldridge, 49 Texas, 520.

10. Defendants having purchased a transfer to unconditional certificate No. 241, if at all, before its location and while personal property, would not take title to certificate with no payment of purchase money and delivery of the certificate. 1 Perry on Trusts, 262, 263, 268; Sugd. on Vendors, 722; 2 Lead. Cases in Eq., 23.

*J. C. Scott,* for appellee F. L. Towmbly; *N. A. Stedman,* for F. A. Terry.—1. The presumption is that the Board of Land Commissioners of Fayette County did their duty, and that proof of all the facts essential to authorize their issuing the unconditional certificate to M. E. Trimble, assignee of W. M. Robinson, were fully established before the board. Merriweather v. Kennard, 41 Texas, 281; Graham v. Henry, 17 Texas, 164–66; Walters v. Jewett, 28 Texas, 200, 201; Pitts v. Booth, 15 Texas, 453; Willis v. Lewis, 28 Texas, 190; Jenkins v. Chambers, 9 Texas, 232, 233.

2. The registration and approval of the unconditional certificate issued to M. E. Trimble by the Court of Claims on October 7, 1857, was an adjudication in favor of Trimble, or his assigns, and settled his ownership thereof. Pasch. Dig., arts. 1110 (note 435), 1115; Hart. Dig., arts. 1946, 1947; Willis v. Lewis, 28 Texas, 190; Jenkins v. Chambers, 9 Texas, 232, 233.

3. On signature, or want of it. Newton v. Emerson, 66 Texas, 145; Willis v. Lewis, 28 Texas, 190. On admission in evidence and charge of court. Hollis v. Dashiell, 52 Texas, 199.

4. The patent should have issued to M. E. Trimble, assignee of Robinson, and, notwithstanding the patent issued to Robinson, the title is in Trimble and his assigns. Hart. Dig., arts. 2143, 2144; Pasch. Dig., art. 4292; Merriweather v. Kennard, 41 Texas, 282.

5. The superior title was in Trimble, and is now in defendants holding under him, and the heirs of W. M. Robinson are estopped in setting up claim to the land. Burkett v. Scarborough, 59 Texas, 498; Gould v. West, 32 Texas, 352, 353; Satterwhite v. Rosser, 61 Texas, 172, 173.

6. Plaintiffs (appellants) are not innocent purchasers of the land in suit for value. Hobby's Land Law, secs. 214, 215.

Recitals in the patent and powers of attorney. Hobby's Land Law, secs. 229, 230, 231.

Appellees hold under a quit claim deed. Harrison v. Boring, 44 Texas, 261.

7. Even if plaintiffs have established a better title than defendants, still plaintiffs are not entitled to recover herein, because the record, if it fails to show full title in defendants, at least shows a superior outstanding title in M. E. Trimble, assignee of W. M. Robinson, and defendants have connected themselves with such outstanding title. Wright v. Thompson, 14 Texas, 558; Gullett v. O'Connor, 54 Texas, 408.

COLLARD, JUDGE.—Plaintiffs below, appellants in this court, claim to own the land in controversy, the Wm. M. Robinson 640-acre survey in Tarrant County, through the surviving wife and children of Wm. M. Robinson. The defendants claim the land through one M. E. Trimble, as assignee of Robinson.

Original certificate, second class, No. 21, a conditional certificate, was

issued to Wm. M. Robinson on the 7th day of June, 1838, under emigration law of the Republic of 1837.

The Board of Land Commissioners of Fayette County, by virtue of conditional certificate No. 21, on the 20th day of February, 1850, issued the unconditional certificate No. 241 to M. E. Trimble, assignee of Wm. M. Robinson, reciting as follows: "It having been proved to the satisfaction of the board that said Robinson has complied with all the requisitions of the law granting land to emigrants." The certificate is endorsed, "Registered and approved October the 7th, 1857. Jas. O. Illingsworth, Commissioner of Claims."

Parties claiming under Trimble, and through whom defendants deraign title, had the certificate located, but when the patent issued, 9th of March, 1859, by virtue of certificate No. 241, the grant was made to Wm. M. Robinson.

On the trial, over plaintiffs' objections, defendants read in evidence Land Office copy of the report of the Board of Land Commissioners of Fayette County, made to the department, showing the issuance of the unconditional certificate to Trimble as assignee, and the certificate itself issued to such assignee by virtue of conditional certificate No. 21.

By assignments of error appellants complain of the ruling of the court in admitting the report and the certificate "for the purpose of proving a right in Trimble" to either of the certificates, when defendants had not shown or offered to show "by competent testimony that the Board of Land Commissioners of Fayette County had obtained the jurisdiction and authority to issue the certificate to Trimble as assignee by prerequisite jurisdictional facts, viz., the personal appearance of said M. E. Trimble before said board and taking the oath required of him by law, and producing before the board the original conditional certificate No. 21, upon which the unconditional certificate was based, and proving its transfer to him, and further proving by two respectable witnesses that the facts deposed to by him were true."

The act in force at the time the unconditional certificate was issued required the applicant to produce to the board the conditional certificate, and that he should make all other proof required by law. Act of March 1, 1848, sec. 1; Hart. Dig., art. 2196. Such other proof as was required by law is prescribed in the Act of 1841; that the applicant should make oath of actual residence in the Republic for three years prior to the application, and should further prove that the facts deposed to were true by two respectable witnesses, who were required to be personally present before the board. Id., 2049, 2050, 2051; see Act of 1839, Id., 1924; Pasch. Dig., art. 4167; also Act of 1837, Hart. Dig., art. 1865.

The conditional certificate was granted June 7, 1838, under the Act of 1837, and was consequently not affected by the Act of 1839, which prohibited its alienation before issuance of unconditional certificate.

Graham v. Henry, 17 Texas, 164; Heirs of Neum v. Dallas, 26 Id., 643; Merriweather v. Kennard, 41 Id., 281.

But the assignments of error claim that it was indispensable that defendants in this action should have shown that the law of 1848 and 1841 was in all respects complied with by Trimble, before the Board of Land Commissioners had the authority to issue the unconditional certificate. This is incorrect. It would be presumed from their act in issuing the certificate that the law had been complied with. If the proceeding were direct, or on appeal from the decision of the board, it would be necessary, to establish the claimant's right, that the statute had been fully complied with. Board Land Com. v. Reily, Dallam, 381; Board of Land Com. v. Walling, Id., 524; Johns v. Republic, Id., 621; The State v. Casinova, 1 Texas, 401; Grooms v. The State, Id., 572; The State v. Manchaca, Id., 586; Republic v. Skidmore, 2 Texas, 261; Id., 357; Commissioners v. Reily, 3 Texas, 237.

In a collateral proceeding like the one before us, the act of the board, having authority as a tribunal under the statute to grant such certificates, if not conclusive, would at least be presumed to be upon proof of all necessary facts and upon compliance with the statute. Merriweather v. Kennard, 41 Texas, 281; Walters v. Jewett, 28 Texas, 200; Pitts v. Booth, 15 Texas, 453. It would in this action be presumed that it was sufficiently proved to the board that Robinson was entitled by residence in the Republic and State to the unconditional certificate as recited in the certificate issued, and that Trimble produced to the board the conditional certificate No. 21, with a transfer to him by Robinson.

In the case of Merriweather v. Kennard the unconditional certificate contained the recital "that the conditional certificate had previously issued to Merriweather, and that Fordtran had presented it, together with a transfer from Merriweather," and the court said that "the county commissioners having jurisdiction over the subject, the presumption, in the absence of proof to the contrary, is that it was properly exercised and that the recital in the certificate that Fordtran presented the transfer from Merriweather is correct."

The case from which the above extract is taken is very much like the one at bar. In that case, as in this, the conditional certificate issued under the Act of 1837 (to-wit, on August 2, 1838), under the same section of the law; the unconditional certificate was issued to Fordtran as assignee of Merriweather, and the patent issued to Merriweather, then deceased, instead of his assignee. The court say: "The patent was issued in 1848, long after the death of Merriweather, and though it issued to him it enured to the benefit of Fordtran as his assignee." So in this case the patent was issued to Wm. M. Robinson, but it enured to the benefit of Trimble, his assignee. The patent should have issued to Trimble as assignee. The statute (Hart. Dig., art. 2144) authorized

the Commissioner of the General Land Office to issue patents to the assignee where the certificates issued to an assignee, without an exhibition to the Commissioner of the transfer or transfers. The Commissioner should have complied with the law, but his failure to do so will not deprive the vendees of Trimble of the land.

Plaintiffs read in evidence a Land Office copy from the record of headrights registered by the Commissioner of Claims, and report of the Commissioner of Claims to the General Land Office, containing the following: ·‘No. 241. Date 20th Feb., 1850. By whom issued, B. L'd Com. Fayette County. To whom issued, Robinson, Wm. M. Quantity in acres, 640. Unconditional. Class 2. Presented by J. A. & R. Green. Alleged owner, Catlett, Toombs & Crawford. Remarks: Approved Oct. 7, 1857."

The office of Commissioner of Claims was created by an act of the Legislature, August 1, 1856. He was required, among other things, to keep a register of land certificates presented to him by the Commissioner of the General Land Office—just such a register as the one above. Pasch. Dig., art. 1112, and following.

It is evident that his entry in the register of Wm. M. Robinson as the person to whom the unconditional certificate No. 241 was issued was an error or mistake. Such a register can not override the established fact that the certificate was issued to Trimble, assignee of Wm. M. Robinson, as shown by the report of the Board of Land Commissioners and the certificate itself.

Defendants read in evidence, over plaintiffs' objection, a certified copy from the record of deeds of Tarrant County a transfer of certificate No. 241 to H. G. Catlett, R. Toombs, and G. W. Crawford, of date June 27, 1850, recorded in Tarrant County in 1871. It begins as follows, as appears from the record: "*M. E. Trimble to Catlett, Toombs & Crawford. Transfer. State of Texas, County of Bexar.* Know all men by these presents that I, M. E. Trimble, assignee of Wm. M. Robinson." Then follows the transfer to H. G. Catlett, R. Toombs, and G. W. Crawford, with a general warranty. It is signed "E. M. Trimble." It is acknowledged in due form by M. E. Trimble, before James L. Truehart, clerk of the County Court of Bexar County, the next day after its date, to-wit, the 28th day of June, 1850. It is witnessed by George M. Martin.

Plaintiffs assign the admission of the instrument as error, having objected to it as evidence because irrelevant, immaterial, and incompetent, it being from a different person to the one named in certificate No. 241— different from the one named in Twombly's answer; because there was no proof of the execution of the original instrument of which the one offered in evidence purported to be a copy, the same appearing to have been improperly admitted to record, not acknowledged by the person who signed it; and because it was inadmissible in favor of F. V. Terry,

because not filed by him in the papers of the cause three days before the trial, and notice of such filing given in writing to plaintiffs; and because no evidence had been introduced to prove the identity of E. M. Trimble with M. E. Trimble.

Plaintiffs' attorney was served with notice of filing the certified copy more than three days before the trial. The notice was in the name of defendants, but it was signed only by "attorney for defendant," who the record shows was attorney for defendant Twombly. Defendants offered the same chain of transfers all along down, which was very lengthy, nearly to themselves. Under these circumstances we think the statute as to notice of filing three days before the trial was complied with in its spirit, if not in its letter, as to both defendants. The main question is that the instrument was not signed by M. E. Trimble.

J. P. Smith, who was a deputy district surveyor, and who made a corrected survey of the 640 acres in 1858, says he was attorney for Toombs; that he does not remember whether the certificate was in the name of M. E. or M. L. Trimble; says the certificate and transfer were on file in the General Land Office when he corrected the field notes of the survey, and remained there until the transfer was by him withdrawn in 1871, and that he had it recorded in Tarrant County for Catlett, Toombs & Crawford. He says that he was for a long time attorney in Tarrant County for Toombs, and "I know there was a conveyance from M. E. Trimble to Catlett, Toombs & Crawford. * * * All I know about the unconditional certificate No. 241 and its transfer is from the within transfer, which I found on file in the Land Office, from M. E. Trimble to R. Toombs, G. W. Crawford, and H. G. Catlett. I never heard any one say anything about it. All I know is from the transfer itself." He testified that the transfer and several other original conveyances were on file in a suit in Fort Worth when the court house was destroyed by fire, in March, 1876, and were then burned. He corrected the survey in 1858, upon the application of Robert Toombs, G. W. Crawford, and M. T. Johnson, executor of the will of H. G. Catlett. He held a power of attorney from H. B. Catlett, son of H. G. Catlett, and represented him, and had the original papers referred to in his possession, and knows they were destroyed by fire in 1876. There are many conveyances by the parties and their representatives after the patent issued down to a short time before this suit was brought, the first one being by G. W. Crawford to William P. Crawford and Samuel W. Mays, on June 7, 1869; the next by H. B. Catlett, sole heir of H. G. Catlett, deceased, to the estate's interest to Robert Toombs, W. P. Crawford, and Samuel W. Mays, on March 5, 1870, which deeds were duly recorded in a few months after their execution.

These deeds put the title to an undivided half of the land in Toombs and the other half in W. P. Crawford and Samuel W. Mays. The next deed was by Wm. P. Crawford of his one-fourth interest to Samuel W.

Mays, James T. and Samuel E. Bothwell, April 2, 1875, recorded December 14, 1877; and so on following with eight additional deeds of trusts and conveyances, some of which left the title to all the land in Toombs, from whom under mesne conveyances defendant Twombly deraigns title; Toombs conveying directly to defendant Frank V. Terry by deed of date October 29, 1883. The latest deed was by Kennedy and wife to R. T. Twombly, father of defendant Frank L. Twombly, and bears date March 1, 1884.

The widow and two daughters of Robinson paid no attention to the land and made no claim to it, so far as the record shows, until on the 17th day of April, 1884, when they appointed John T. Duncan their agent and attorney to act for them in recovering the land, to represent them in suits, and to sue, and to do all things in the premises he may deem proper to secure their interests, and to sell the lands if he deemed expedient; agreeing to give him one-half of the land he might recover for them, he agreeing to pay all expenses in the matter, and they to be at no expense whatever. This power was filed for record October 29, 1886, and recorded in Tarrant County October 30, 1886. On October 26, 1886, Duncan, by virtue of the powers of attorney, conveyed the land to plaintiffs Capps and Canty, by special warranty deed, for $325, which deed was affirmed by the special warranty deed of Mrs. Robinson and her two daughters, heirs of W. M. Robinson, on the 5th of November, 1886. The deeds were duly and promptly recorded. At the time of the trial Mrs. Robinson, who had never married the second time, was 72 years old; one of the daughters, who was married to J. H. Cord, was aged 45 years, and the other, who was a widow Ragsdale, was aged 42 years.

Mrs. Robinson testified as follows: "There was no person to look after the land. I myself knew nothing about it. I had no money to spend and did not care to take any chances, and made an agreement that I would be at no expense. I reckon it is so that I did not care to assume any risks for my chances of title. I did not know if we would recover the land, and therefore accepted the $325, and for that reason gave a quit claim deed."

Mrs. Cord and Mrs. Ragsdale testified to substantially the same facts, adding that they first learned about having land in Tarrant County from Mr. Duncan of La Grange, in 1884 or 1885. It was in proof that Robinson died in 1848, away from his family, in Kentucky or in Louisiana. He was married in Texas in 1841, and his family have resided in the State ever since.

The court instructed the jury substantially to find for plaintiffs under their claim from the heirs of Robinson, unless they should find otherwise under other following instructions; and then they were told that if they found, among other things, that M. E. Trimble executed the transfer

to Toombs, Catlett & Crawford their verdict should be for defendants, thus making a recovery by defendants depend upon this fact.

We think the court was correct in admitting the certified copy of the transfer, together with other evidence tending to explain its apparent ambiguity. A proper subscription of an instrument is not always indispensable to its validity as a conveyance. In the case of Newton v. Emerson, Talcott & Co., 66 Texas, 143, the petition alleged that the grantor had a conveyancer to draft a deed of gift to his wife; that without signing it he appeared before the proper officer and requested him to take his, the grantor's, acknowledgment, and file and record the instrument, all of which was done; and it was alleged that he afterwards said he had no property of his own. It was held that these facts showed an execution of the deed. The opinion in the case is abundantly supported by authority, and no doubt could exist as to the correctness of the rule. See Willis v. Lewis, 28 Id., 186; Fulshear v. Randon, 18 Id., 277; Rogers v. Kennard, 54 Id., 30; Hollis v. Dashiell, 52 Id., 187; Caddington v. Goddard, 16 Gray, 444; Nye v. Lowry, 82 Ind., 320.

The doctrine is clearly established that an acknowledgment will take the place of an absent signature, where the instrument on its face shows that it is the act of the person so acknowledging. In the case before us the owner's name is correctly stated in the body of the instrument and in the acknowledgment, but the initials of the name are transposed in the signature subscribed as appears from the copy. The authorities above cited will not explicitly justify the holding that the acknowledgment agreeing with the name written in the body of the instrument will prevail over the one subscribed, but they go far to show that such might be the case where there is a wholly irrelevant name subscribed, which might be equivalent to no name at all under some circumstances. At least it is clear that the law attaches great importance to the concurring facts of the maker's name in the face of the instrument and in the acknowledgment.

The name E. M. Trimble is subscribed to the copy of the instrument before us, while it is written M. E. Trimble in face of the deed and in the acknowledgment. If the subscribed name can not be treated as surplusage, or as no name at all, there being no such a man as E. M. Trimble, we at least see there is an ambiguity or a contradiction which may be explained, and which should be left to a jury to decide. The original instrument having been destroyed by fire, we must look to the copy and such surrounding facts as were able to be proved. The matter being submitted to a jury, they concluded that the facts showed that M. E. Trimble signed the original instrument, upon the presumption most probably that the clerk in copying the original into the record committed the error of transposing the initials of the grantor's signature. All the facts are consistent with this conclusion, and inconsistent with the one that

some person other than M. E. Trimble executed the instrument. He was the owner of the certificate; his name is written in the instrument as its maker; he acknowledged it, when he must have stated that he had executed it; it must have been delivered to the vendees, as we find it on file in the Land Office with the certificate, before the patent issued to evidence their title, and when the patent issued to W. M. Robinson instead of to them in 1859; their agent in 1871, soon after the war, withdrew the transfer and had it recorded in the county where the land lay, to evidence the title of claimants under it.

It was proved by the agent of these vendees, who withdrew the transfer from the Land Office in 1871 to have it recorded, that he knew there was a transfer from M. E. Trimble to the very persons named as grantees in the copy, and he distinctly states in his testimony that such transfer was the one he withdrew from the General Land Office. These are potent facts sustaining the assumption that M. E. Trimble executed the original transfer.

There are other facts which raise a presumption that such was the case in aid of the proof made, if it should be needed. Neither Trimble nor any one in his name has ever claimed the land; the heirs of Robinson had not claimed it until a short time before this suit was brought, and when they did they seemed to have but little confidence in it; they would risk no expense in the prosecution of it, and when they sold it to plaintiffs did so by quit claim deeds. While on the other hand we find the grantees in the transfer having the field notes corrected for patent in 1858, one of them selling in 1869, and from that time down to a short time before suit they and their vendees have been asserting ownership of the land by various sales and purchases; Toombs at one time owning all the land, and then conveying again portions of it. We think the copy of the transfer was admissible in evidence over the objections made, and that it, together with other testimony offered, warranted the submission of the question by the court as to whether M. E. Trimble executed the original, and that there was ample evidence to sustain the verdict. Gullett v. O'Connor, 54 Texas, 408; Lindsay v. Jaffray, 55 Texas, 632, 633; Cox v. Bray, 28 Texas, 247.

The court admitted in evidence over plaintiffs' objections a certified copy from the record of deeds of Tarrant County of a deed from H. B. Catlett, as sole heir and legatee of H. G. Catlett, of H. G. Catlett's interest in the land to Robert Toombs, W. P. Crawford, and Samuel W. Mays, of date March 5, 1870. The error assigned to the ruling is that the abstract of title filed by defendants described the deed as of date March 5, 1850, and that defendant Terry had not filed the copy three days before the trial and served plaintiffs with written notice of the fact.

The filing and notice of defendants' deeds and copies were made more than three days before the trial, and the list so filed included the copy

above named. The notice was in the name of both defendants, though it was signed only by defendant Twombly's attorney as "attorney for defendant." We have already seen that this was a sufficient notice to plaintiffs of filing for the benefit of defendant Terry. There is no abstract of title in the record, unless the foregoing notice is to be so styled. In that notice the deed is described as of date March 5, 1870, and not 1850. If there had been an abstract of title in addition to the notice of filing, the notice giving the correct date of the deed would be sufficient to prevent surprise on the part of plaintiffs, in which case no injury was done and the copy would be competent evidence. The original deed was destroyed by fire, and it was proved that H. B. Catlett was the sole heir of H. G. Catlett. The copy was properly admitted in evidence.

It is insisted by appellants that the court erred in admitting in evidence the answer of witness J. P. Smith to the following interrogatory: "For whom did you make a survey of 640 acres of land in the name of Wm. M. Robinson? I see the surveyor's records show the survey appears to have been made for 'M. L.' Trimble as the assignee of Wm. M. Robinson; please state whether it was for M. L. Trimble or M. E. Trimble, and if any mistake occurred, please state how." Plaintiffs had objected to the interrogatory, because the surveyor's records were not shown to be lost, and the records would be the best evidence, and for other reasons stated in the bill of exceptions. This assignment can not be considered, because neither the assignment nor the bill of exceptions show what the answer of the witness objected to was. The only reference to the subject of inquiry in Smith's testimony is that he does not remember particularly about the original certificate located on this land, whether it was in the name of M. E. or M. L. Trimble. So if the answer had been disclosed in the bill of exceptions there would still have been nothing for the court to consider.

We find no reversible error in permitting the witness Smith to give a chain of the transfers as he remembered them from M. E. Trimble, and what land was conveyed. The witness gave a list of the successive conveyances, with the relations and kinship of some of the parties, down to the conveyance that vested the title to all the land in Robert Toombs. He stated that several of the orignal deeds had been destroyed by fire, and we see from the record that defendants introduced certified copies of them, all of them to Toombs. They may have thought it was necessary to prove by such testimony outside of the record that Smith, who was at one time agent for the parties, had in his possession all of the originals, so as to account for their non-production. If from any cause the non-production of the originals had become a subject of inquiry the evidence would have been legitimate. If, however, the proof was unnecessary the error was harmless, because certified copies of them were admitted in evidence.

There was no error in the charge of the court in which the jury are instructed that the patent was issued by virtue of unconditional certifi-

cate No. 241, issued to M. E. Trimble, assignee of W. M. Robinson. Appellants complain of the charge because they say the patent does not show that the unconditional certificate issued to M. E. Trimble, assignee of W. M. Robinson. The patent recites that it was issued by virtue of unconditional certificate No. 241, issued by the Board of Land Commissioners of Fayette County on the 20th day of February, 1850. The certificate itself, a copy of which was in evidence, and the report of the board to the Land Office, both show that it was issued to M. E. Trimble, assignee of Wm. M. Robinson. As before observed, the report of the Commissioner of Claims, afterwards made in the form of a register, could not affect or weaken the force of the fact shown by the certificate and the report of the board that issued it. The fact being indisputable, it was not error to charge it as a fact proved.

It was not necessary that defendants should prove that Catlett, Toombs & Crawford paid Trimble a valuable consideration for the conditional certificate. The transfer recited that it was made for a valuable consideration; his deed of gift to them would have been sufficient. It is certain that the Robinsons did not own the land, notwithstanding the patent issued to their ancestor. The superior and the real title was in Trimble and his assignees, as shown by the certificate by virtue of which the patent issued. This is a sufficient answer to the assignment of error upon the subject.

Appellants say that defendants did not connect themselves with the Trimble title, which, being only the equitable title, can not in such case be set up by them as an outstanding title. In reply it may be simply said that defendants deraigned their title to all the land from M. E. Trimble, and not only connected themselves with his title, but proved that they were the owners of it. But if the title had been outstanding in Trimble, would it have been an equitable title? Adams v. House, 61 Texas, 648.

We have already shown that it was not incumbent upon defendants to show a transfer from Robinson to Trimble, and that the act of the Board of Land Commissioners in issuing the unconditional certificate to Trimble is conclusive, and that all the facts necessary to such decision by the board will be presumed in the absence of proper opposing facts; and we need not again discuss the subject as requested in the fifteenth assignment of error, which complains that the court erred in refusing to give instructions to the jury asked by plaintiffs to enforce their view of the law of such case. We may say the same as to the charge asked concerning the discrepancy as to the name of M. E. Trimble in the transfer to Toombs, Catlett & Crawford. The views before expressed will show that the seventeenth and eighteenth assignments of error are not well taken.

In reply to the nineteenth assignment of error it is only necessary to

say that the inadvertence of the clerk in entering the judgment against defendants for costs, which was not corrected in the court below, is not such error as appellants can complain of.

Finding no error upon the trial in the rulings of the court, we conclude the judgment should be affirmed.

*Affirmed.*

Adopted December 10, 1889.