WILLIAM C. GRAHAM AND OTHERS V. WOODSON D. HENRY.

The original assignment being upon the back of the conditional certificate in the General Land Office, (so that the defendant could not procure it, the patent having issued,) the affidavit of the fact would seem to be a compliance with the statute, which provides for the admission of a certified copy, where the party makes affidavit that he cannot procure the original. (Hart. Dig. Art. 745.)

Where the making of an instrument is alleged in pleading, although accompanied with allegations that it was obtained by fraud without consideration, it is not necessary for the adverse party to prove the instrument, or introduce it in evidence.

The restriction on the power of the grantees of conditional certificates to assign the same, was first introduced by the Act of Jan. 4th, 1839, and was confined to claims acquired under that Act.

Appeal from Henderson. Tried below before the Hon. John H. Reagan.

Suit commenced Sept. 11th, 1851, by the appellee against appellants, to recover a tract of land. The plaintiff alleged in his petition, that on the 6th day of July, 1838, in the county of Nacogdoches, there was issued to plaintiff by the Board of Land Commissioners of the county of Nacogdoches, a conditional certificate for twelve hundred and eighty acres of land ;

and that on the 27th day of September, in same year, one John S. Thorn, who was also made a defendant, fraudulently caused plaintiff to become intoxicated, with the view of cheating plaintiff out of his said certificate ; and that while plaintiff was so intoxicated and unable to do business, said Thorn fraudulently procured from him an assignment of said certificate, without consideration ; that afterwards, stating dates, plaintiff proved out his unconditional certificate, and caused it to be located, surveyed and patented on the land in controversy ; that defendants have in some way got possession of the patent ; that plaintiff was residing on the land, and during his temporary absence from home, defendants came and took forcible possession, &c. Prayer for cancellation of the assignment of the conditional certificate, for the delivery of the patent, for the possession of the land, &c.

The defendant Graham filed an affidavit that the original transfer from plaintiff to John S. Thorn, for said Henry's conditional certificate for 1280 acres, was not in affiant's possession, but was in the General Land Office of the State of Texas. At the trial, defendant offered a certified copy of said certificate and the transfer on the back thereof, in evidence ; but it was excluded, on what ground did not appear. The assignment purported to be for value received, and was under seal. The only evidence was the patent to the plaintiff, and a deed from Thorn to Graham. The Court instructed the jury, that the patent was proof of title in Henry, and that they should find for him, unless there was evidence of a superior title in the defendants.

The defendants asked the Court to instruct the jury, that the plaintiff having averred in his petition that he had transferred his conditional certificate to Thorn, and set up in avoidance thereof the want of capacity by reason of intoxication, and also want of consideration and fraud and imposition practised upon him by Thorn, he must prove the statements as alleged in order to enable him to recover in this suit. Which instruction the Court refused to give.

Verdict and judgment for plaintiff. Motion for new trial overruled, &c.

*R. A. Reeves* and *T. J. Jennings,* for appellants.

*J. E. Cravens,* for appellee.

WHEELER, J. The original assignment from the plaintiff to Thorn, being upon the back of the conditional certificate in the General Land Office, so that the defendant could not procure it, the affidavit of the fact would seem a compliance with the ·statute, which provides for the admission of a certified copy. (Dig. Art. 745 ; 11 Tex. R. 235 ; 12 Id. 534. But the making of the assignment was expressly averred in the petition, and though thereby rendered admissible, there was no necessity for the defendant to produce it in evidence. There can never be a necessity to prove matters of fact, which the adverse party has alleged in his pleadings. The jury are sworn to try the issues between the parties ; but matters expressly admitted on both sides, not being in issue, do not require proof. It is suggested by the counsel for the plaintiff, that his pleadings containing the admission of the transfer of the certificate were abandoned. It does not so appear by the record. The mere fact that the plaintiff offered no evidence in support of his averments, was not such abandonment of them as to deny the defendant the benefit of any admissions they contained. They do not appear to have been withdrawn by the plaintiff.

But it is suggested, that the Court excluded the evidence on the ground that the certificate was not assignable ; and consequently that the assignment was inoperative to vest any right or interest in the assignee. Whether it was assignable, the unconditional certificate not having issued, is the material question on which the decision of the question depends.

The certificate was issued under the 29th Section of the Land Law of the 14th December, 1837. (Hart. Dig. Art-

1865.)   Neither that Act, nor any other in force at the time, contained any prohibition or restriction upon the power of the grantee to sell and dispose of his interest so soon as it was acquired.   Such a restriction was first introduced, by the Legislature of the Republic, in the Act of the 4th of January, 1839, in respect to claims for land acquired under that Act. (Art. 1924.)   It had no application to claims acquired under the former laws.   In general, whatever is susceptible of exclusive, individual appropriation, may be the subject of bargain and sale ; so that property, considered as an exclusive right to things, implies not only a right to use but a right to dispose of them.   Whatever exclusive right a man has in any thing, he has a right to dispose of absolutely, as he pleases, provided he makes no disposition of it prohibited by law.   It matters not what advances he has made towards acquiring the ultimate dominion, or absolute and complete proprietorship, the moment he has acquired an exclusive interest, though it be but a contingent and executory interest, he may dispose of it at pleasure, subject only to the condition that it is not forbidden by law.   Hence, any incipient title, or contingent interest, which is susceptible of being ripened into a title to lands may be assigned ; and such has been the usage in this and other countries.   It has never been supposed necessary to consummate the title, before the right could be assigned.   The conditional certificate vested in the grantee an interest or right which was capable of being perfected into a title.   It was a contingent interest, it is true, subject to the condition that he and his family should remain and reside within the Republic, and perform all the duties required of other citizens for the term of three years ; after which he should receive " an unconditional deed " for the land.   (Ib.)   But though a contingent, still it was an exclusive interest, or a right which was assignable in equity, and the transfer might be enforced, if made for a valuable consideration.   Of course, the interest or right of the assignee would ultimately depend upon the per-

formance of the precedent conditions by the grantee. He would take, subject to that contingency. But there is nothing in the nature of the interest, which the conditional certificate conferred, to prevent its assignability.

But though not forbidden by any express law, it is said the assignment of these conditional certificates ought not to be upheld, because contrary to public policy. It is not perceived in what respect it is so; or what difference it could make to the State, or any one but the parties themselves, whether the right remained in the grantee until the conditions of the grant were performed, or passed to his assignee. The law does not undertake to interfere in the private contracts of men, unless they are such as affect injuriously the rights of others, or are inimical to the interest and well being of society. And when they are to be so deemed, it has generally been left to the Legislature to declare. The Courts would hesitate to go in advance of legislation in declaring contracts void on the ground of public policy; and where the Legislature has not spoken, they would not interpose, unless upon a legal necessity, arising from precedent and authority. The express prohibition of sale in the Act of 1839, and subsequent Acts, evidences the belief on the part of the Legislature, that without such prohibition the power would exist, as we think it undoubtedly did. And we do not think the Courts would be warranted in denying the assignability of these certificates on the ground of its supposed repugnancy to public policy.

The contract being assignable, and the fact of the assignment being expressly admitted by the plaintiff in his petition, the defendant was under no necessity of proving it; but it devolved on the plaintiff to prove the matters alleged by him to countervail its legal effect. The instruction asked by the defendant to that effect was proper, and it was error to refuse it. Under the ruling of the Court, excluding evidence of the assignment from the plaintiff to Thorn, and refusing the instruction asked by the defendant, he was denied the benefit of

the assignment, though it was admitted by the plaintiff, and there was no evidence to countervail its legal effect. The consequence was a verdict for the plaintiff, when upon the case presented upon the record it appears that the title was in the defendant. The verdict, therefore, was contrary to the law and the evidence.

If, as the plaintiff alleges, he caused the land in question to be surveyed, and completed the title at his own expense, it may become an inquiry upon another trial, under appropriate averments and proof, whether the defendant will not be required to account to him for his services and expenses in securing the land and perfecting the title. What the rights of the plaintiff may be in that regard, must depend upon the facts which shall be made to appear upon another trial; and it is not proposed to anticipate the evidence, or to express an opinion upon a state of case not now before us. Because we are of opinion that the Court erred in excluding from the consideration of the jury the assignment from the plaintiff to Thorn, and thereby precluding the defendant from the benefit of it, the judgment is reversed and the cause remanded.

Reversed and remanded.