### TIJERINA et al. v. TIJERINA et al.
### No. 9490.

Court of Civil Appeals of Texas. San Antonio.

Dec. 19, 1934.

Fred Kowalski, of Brownsville, for appellants.

Davenport & Ransome, of Brownsville, for appellees.

MURRAY, Justice.

Miguel Tijerina and a number of others as plaintiffs below instituted this suit against Dona Lucinda Garcia Balli de Tijerina and a number of other defendants. The plaintiffs below are the appellants here, and the defendants below are the appellees.

Appellants allege in their petition: That the parties to this suit are all the heirs at law of Dona Catarina Cavazos de Tijerina, who died intestate on the 3d day of February, A. D. 1920.

That said Catarina was, during her lifetime, the owner of a tract of land lying and being situated in Cameron county out of survey No. 11, called San Pedro de Carricitos, containing 143 acres of land.

That Don Tomas Tijerina, the oldest son of the said Catarina, by fraud and misrepresentation induced Catarina to convey to him this tract of land for the sum of $690, upon the belief that the tract only contained 69 acres, while in truth and in fact it contained 143 acres, that the price per acre was $10, and that therefore the consideration should have been $1,430, or $740 more than was paid by Don Tomas. This deed was executed January 19, 1910, and recorded January 20, 1910.

That Catarina departed this life February 3, 1920, intestate, and without discovering the fraud that had been perpetrated upon her by her son, Don Tomas, and that she was prevented from discovering the fraud by the further fraudulent acts of Tomas.

Appellants further allege that this fraud was not discovered by them until November, 1929, and that this suit was instituted on October 20, 1932.

Appellants seek to recover a three-fourths undivided interest in the 74 acres excess conveyed by Catarina to Tomas. It is conceded that the other one-fourth would belong to the heirs of Don Tomas, who departed this life in April, 1932.

The judge below sustained a general demurrer to appellants' petition, and, appellants declining to amend, this cause of action was dismissed. Hence this appeal.

We conclude the trial court properly sustained the general demurrer. The petition shows on its face that appellees, as the heirs of Don Tomas, have the superior title to this land by virtue of the deed executed by Dona Catarina in January, 1910. It also appears from the allegations of the petition that Dona Catarina intended to convey the exact tract of land conveyed by the deed, but that she should have been paid $10 per acre for 143 acres, instead of $10 per acre for 69 acres. The superior title to the land is in the appellees, and appellants could not possibly recover the land without first bringing a suit to correct the deed. The deed stands in the way of their having a superior title, either legal or equitable. Gilmore v. O'Neil (Tex. Civ. App.) 139 S. W. 1162; Hamilton v. Green (Tex. Civ. App.) 166 S. W. 97; Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173, 175; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017.

Any suit that might now be instituted to correct the deed would be barred by the four-year statute of limitation (Vernon's Ann. Civ. St. art. 5529). The petition shows on its face that the alleged fraud was discovered in November, 1929. Cleveland State Bank v. Gardner, supra; Yost v. Wilson (Tex. Civ. App.) 27 S.W.(2d) 286, 287; Mounger v. Daugherty (Tex. Civ. App.) 138 S. W. 1070, 1071.

Appellants declined to amend, and thereby chose to stand upon the cause of action that they had alleged, and the trial judge properly dismissed the case.

The judgment is affirmed.