## FAUTH v. FIRST NAT. BANK OF GRAN-BURY et al.

### No. 2685.

Court of Civil Appeals of Texas. Eastland.

Oct. 8, 1948.

Rehearing Denied Oct. 29, 1948.

Earl Conner, Sr., and R. L. Rust, both of Eastland, for appellant.

Frank Sparks, of Eastland, for appellee.

GRISSOM, Chief Justice.

The First National Bank of Granbury and W. H. McDonald brought this suit against Fred Fauth in trespass to try title to a 60 acre tract of land. Fauth answered by plea of not guilty and that, in the spring of 1922, a Mr. Cogdell "and another man, both claiming to be owners of the property which is the subject matter of this suit, sold same to defendant and defendant immediately took possession of same. In this connection, he would show that said owners of said land, represented to defendant they were not specially interested in the surface of said property; but that a Mrs. ——— lived adjoining said property and that she was an undesirable neighbor and a dangerous person; that defendant could have the land if he would cause said woman to move; that defendant did cause said woman to move away at great cost to him, and in which she undertook to kill him by shooting at him with a gun. Thus acting in good faith, defendant, during the year 1922, took possession of said property, fenced same and has at all times thereafter kept same enclosed; that said fences cost defendant Seventy-Two and one-half dollars, which he put there in good faith, claiming said land and premises." Fauth further alleged that since 1922, he had continuous, peaceable and adverse possession of the land, claiming it as his own, for a period of more than twenty-four years and that his title had "ripened by limitation." The only issue submitted to a jury and its answers thereto were as follows: "Do you find from a preponderance of the evidence that Fred Fauth, defendant, has held peaceable and adverse possession of the surface of the land in controversy in this suit, cultivating, using or enjoying the same for any consecutive period of ten years prior to the time of the filing of this suit, to-wit, prior to August 21, 1946? Answer 'yes' or 'no'. Answer: 'No'."

The court rendered judgment for plaintiffs and defendant has appealed.

Most of appellant's points are based upon the assertion that there is no evidence to support the verdict, or that the undisputed evidence showed appellant had acquired title to the surface of the land under the ten years statute of limitation, or that the jury's answer is contrary to, not supported by, or against the great preponderance of the evidence. Said points are overruled.

The evidence shows record title in appellees. The jury found against appellant on his plea of limitation. Appellees were, therefore, entitled to recover unless appellant proved title by limitation as a matter of law. Dominguez v. Garcia, Tex. Com.App., 53 S.W.2d 459, 460.

Fauth testified in substance that in 1922, while he was living on two lots purchased by him adjoining the tract in controversy, two men were eating lunch under a tree near his home and came to his house and bought a gallon of milk; that one of them was a banker from Granbury and the other was from Abilene and his name was Sidney. He testified that these men claimed to be owners of the land and told Fauth that if he would get a certain woman, who either resided on or near the tract, to move and would fence the land, Fauth could have the surface and the said two men would keep the minerals and pay the taxes; that he told them he would try; that he succeeded in compelling the woman to move; that he then fenced two sides of the tract, which fencing, together with the fence already along the railroad right-of-way and water in the lake, constituted an enclosure of the tract. That thereafter, he claimed the surface as his own.

Appellant's claim of limitation depends, to a great extent, upon his own testimony. Although he testified the Granbury banker and "Sidney" gave him the surface to the land in 1922, it is undisputed that the plaintiff, Granbury Bank, did not acquire title to any part of the land until 1933. There was evidence to the effect that prior thereto, said tract had been tested for oil and it had been proven to be dry territory. If believed, such evidence would naturally raise a question as to the correctness of Fauth's contention that the Banker and Sidney were only interested in the minerals and gave him the surface and agreed to pay the taxes. The evidence does not establish appellant's claim of title by limitation as a matter of law. Simmonds v. St. Louis B. & M. R. Co., 127 Tex. 23, 27, 91 S.W.2d 332.

It was admitted that appellant never paid any taxes on the land but that the Granbury Bank had paid taxes on its interest in the tract, currently, as they became due since it acquired the land.

There was evidence that in 1943, Appellee W. H. McDonald, learned that Mr. Gibson's cattle were on the land; that McDonald asked appellant why they were there and Fauth stated he had leased the Granbury Bank's part of the tract to Mr. Gibson and had collected the lease money as agent for the bank; that he had not leased McDonald's interest. Mr. Patterson testified that in 1936, Patterson was placed in charge of the land by McDonald and leased it for two years to Cecil Cox; that during said time appellant did not say anything about owning or claiming the land. Mr. Hightower testified he was about to lease the tract from McDonald, about five years prior to the trial, when Fauth told him the land belonged to a man at Granbury. Mr. Kuykendall testified that in 1943 he leased the land for part of a year from Fauth; that Fauth then told him the land belonged to McDonald and the Granbury Bank and that he (Fauth) had charge of McDonald's part; that Kuykendall paid Fauth for the lease and, a few days later, Fauth told him he had sent McDonald a post office money order for the rent. Mr. Leary, executive vice president of the Granbury Bank, testified that in 1937 he went with a Mr. Green, also connected with said bank, to the land in controversy; that they were having trouble locating the property and that it was pointed out to them by appellant. That they told Fauth they were representing the Bank; that it owned an interest in the land and that they were trying to locate the land; that Fauth pointed out the bank's land but made no claim to it; that they had never heard of Fauth claiming the land until just a little while before this suit was filed. He

testified that when he told Fauth he was looking for the bank's land, Fauth said, "there it is."

Appellant contends he proved conclusively that he had acquired title by virtue of the ten years statute of limitation prior to the time that any of the witnesses testified he admitted ownership in McDonald or the Bank. Appellant concludes that testimony as to admission of ownership by McDonald and the bank not only does not tend to show that Fauth had not previously acquired title by limitation, but was not admissible. A possessor's acknowledgment of title in another, made after limitation title has been completed, does not have the effect of destroying the title thus completed but proof of such acknowledgment is evidence that his prior possession was not adverse. Certainly, the often repeated admissions of Fauth since 1933, tend to show that Fauth's prior possession of the land was not adverse. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, 88; Bracken v. Jones, 63 Tex. 184, 188; Thompson v. Moor, Tex. Com.App., 14 S.W.2d 803, 804; Nerio v. Christen, Tex.Civ.App., 189 S.W. 1038, 1040. Under any theory of the case, appellant did no more than raise an issue of fact as to his adverse possession of the land for a period of ten consecutive years.

Appellant contends the judgment should be reversed on account of improper argument by counsel for appellees.

Appellee's counsel, in his argument to the jury, stated: (1) " 'Old man Fred Fauth claimed that he had made an oral agreement with the claimed owners of the sixty acre tract involved back in the fall of 1922, and that they agreed with him that if he would oust an old lady by the name of ————— from the neighborhood, who the owners claimed was a bad woman, and fence the land, that he, Fred Fauth, could have the surface of the land, and the defendant alleges in his answer that the woman, Mrs. —————, was an undesirable person and that the claimed owners were anxious to get rid of her from the neighborhood. Old man Fred Fauth probably had another motive for wanting to get rid of the old woman; probably he desired to eliminate competition.' "

The argument was objected to on the ground that it was unfair, irrelevant, immaterial, prejudicial and not supported by any evidence. The court sustained the objection and instructed the jury not to consider the argument. Appellant contends the argument that Fauth "probably desired to eliminate competition" was tantamount to telling the jury appellant was a bootlegger. The language used does not compel such a conclusion. It seems to us that a more reasonable interpretation of the argument, in the light of the record, is that counsel meant that Fauth ran the woman off so she would not be using and claiming the land. Fauth testified the Granbury Banker and Sidney asked him if he knew Mrs. —————. Fauth answered, "Yes" and then volunteered the following: " * * * she have forbid me turning my stock out in there and that the land belongs to me." He later talked about getting "Old lady ————— off." He further testified, "After I fenced it, I turned my stock in * * * then, I got the old lady, by George, to move off." At the time Fauth says "she forbid me turning my stock out in there" and claimed the land for herself, he had not yet made the alleged trade for the land and he probably meant said woman was using the land in controversy and told him not to turn his stock on it.

■ The argument constituted a reasonable deduction from the evidence. The point is overruled. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W. 2d 202, 205; Presley v. Wilson, Tex.Civ. App., 125 S.W.2d 654, 658, Writ Dis.; Marek v. Southern Enterprises, Inc., of Texas, 128 Tex. 377, 99 S.W.2d 594, 597; 41 Tex.Jur. 772.

Counsel for appellee also stated to the jury: (2) " 'The evidence in this case shows that old man Fred Fauth had fenced a tract of land adjoining the lands involved, but belonging to the City of Eastland, and to make sure that he was not going to steal or claim that land from the City on cross examination I asked him specifically if he claimed that land belonging to the City by limitation, and the old man denied it. But you know I do not know what the Defendant may do in the future and he may yet

change his mind and claim that land by limitation.' "

Appellant objected on the ground that the argument was irrelevant, immaterial and highly prejudicial to the rights of appellee. The court instructed the jury not to consider said remarks.

■ The bill prepared by appellant showed appellee's counsel stated to the jury he was trying to make sure appellant was not going to "steal" the land but it was qualified by the court to show that counsel stated either that he was going to make sure he was not going to steal the land or that he said he was going to make sure that appellant was not going to "claim" the land. The bill was accepted with such qualification and appellant is bound thereby. If appellant was claiming the lots, referred to as City land, by limitation, he was not thereby guilty of any crime. He fenced it about the same time he fenced the land in controversy and apparently had used it in the same way. The evidence supports the deduction of appellee's counsel. If error, its harmful effect, if any, was removed by the court's instruction not to consider it. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 243; 41 Tex.Jur. 788.

Appellant's bill of exception No. 3 shows appellee's counsel stated to the jury: (3) "The Defendant in this case claims the sixty acres involved by limitation. Gentlemen, the Legislature, way back in 1876 passed the limitation statute for the purpose of protecting the early pioneers and settlers of our country who would settle upon vacant lands in Texas, build their homes and make their farms and reside upon the lands for many years, and thereafter some foreign citizen would come in and oust them claiming title to the land. But that law was not intended to cover a case of this kind where old Fred Fauth goes out and undertakes to steal or claim a piece of land from bona fide owners thereof and claim the same by limitation."

The argument was objected to on the ground that it was irrelevant, immaterial, not a correct statement of the law and highly prejudicial. The court sustained appellant's objection and instructed the jury not to consider the argument.

■ The bill was qualified to show that appellee's counsel used either the word "steal" or "claim." We do not think such argument was reasonably calculated to injure appellant. We think any possible harmful effect was removed by the court sustaining appellant's objection and instructing the jury not to consider it. Ramirez v. Acker, Tex.Civ.App., 124 S.W.2d 905, affirmed 134 Tex. 647, 138 S.W.2d 1054; Service Refining Co. v. Hutcherson, Tex.Civ.App., 179 S.W.2d 772, 776, writ ref.

We are of the opinion that the arguments complained of, if improper, under all the facts and circumstances of this case, were not reasonably calculated to affect the jury's answer to the single issue as to whether or not Fauth had for ten consecutive years prior to 1933, held peaceable and adverse possession of the land. We think the action of the court in sustaining appellant's objections and instructing the jury not to consider said remarks had the effect of curing the harmful effect, if any, of such arguments. Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S.W. 808, 809; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 226, 177 S.W.2d 264; Moncada v. Snyder, 137 Tex. 112, 118, 152 S.W.2d 1077; 41 Tex.Jur. 830.

In King v. Federal Underwriters Exchange, 144 Tex. 531, 533, 191 S.W.2d 855, 856, our Supreme Court held that an argument was improper but that it did not constitute reversible error. The court said: "But it will be noted that the court promptly instructed the jury not to consider this argument, and, under the prior decisions of this Court, the argument complained of was not so prejudicial or inflammatory in its nature that its harmful effect could not be removed by such instructions. Davis v. Hill, Tex.Com.App., 298 S.W. 526; Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, Par. 8. Under these circumstances it will be presumed that the harmful effect of the improper argument was removed by the instructions. Id.; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054."

It is contended that the old rule, with reference to reversal for improper argument has been changed by the Texas Rules

of Civil Procedure. Some cases expressly so hold. Texas Motor Coaches, Inc. v. McKinney, Tex.Civ.App., 186 S.W.2d 714, 719; Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629, 630. See also Denbow v. Standard Accident Insurance Co., 143 Tex. 455, 462, 186 S.W.2d 236; Pan-American Life Ins. Co. v. American Industrial Investment Company, Tex.Civ.App., 207 S.W.2d 173; American Employers' Ins. Co. v. Kellum, Tex.Civ.App., 185 S.W.2d 113, 116; Airline Motor Coaches, Inc. v. Bennett, 144 Tex. 36, 40, 187 S.W.2d 982. The contrary has been expressly held in Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, 760, affirmed 144 Tex. 568, 192 S.W.2d 143. We do not deem it necessary to decide the question because we have concluded that under the old rule the error, if any, was cured by the action of the court in sustaining the objections and instructing the jury not to consider the arguments.

All of appellant's points are overruled.

The judgment is affirmed.