## DIXON v. BENNETT.

### No. 3108.

Court of Civil Appeals of Texas. Waco.

July 22, 1953.

Rehearing Denied Sept. 3, 1953.

Byron L. McClellan, Gatesville, for appellant.

Tom R. Mears, Gatesville, for appellee.

McDONALD, Chief Justice.

Early Bennett, appellee, sued Cecil Dixon, appellant, in Trespass to Try Title, alleging that he and appellant were owners of adjacent tracts of land, and that appellant was building a fence across appellee's land and seeking to appropriate the use of some 12 to 14 acres of appellee's land behind same. Trial was before the court, without a jury, which rendered judgment for appellee. The Trial Court, upon request of appellant, filed Findings of Fact and Conclusions of Law, the pertinent portions of which are:

### Findings of Fact

1) Appellee is owner of the 80 acres of laid in the A. Burch Survey (describing same by metes and bounds).

2) Appellant owns no part of the Burch survey, but was building a fence across the Burch survey without mentioning such fact to appellee.

3) In 1936, W. J. Latham, who was owner at that time of the 80 acres in the Burch Survey, and one Barton, who was owner of the land now owned by appellant agreed on the North boundary of the Burch Survey, and the South line of the land adjoining it on the North (Chearis Survey); that said agreed line was cleared of trees, and was thereafter recognized by said landowners and the public generally as the boundary line between the 2 surveys.

4) Appellee had the County Surveyor survey the North line of the Burch Survey in 1951, and thereafter erected a fence on this line without objection by appellant.

5) Appellant is building a fence across the Burch Survey (South of appellee's fence) and enclosing 12 to 14 acres of land owned by appellee.

6) That in so doing irreparable injury is caused appellee, and appellee is entitled to judgment, commanding appellant to remove the fence, restraining him from further building the fence or in any manner trespassing on the Burch Survey, and for establishing the North line of the Burch Survey.

### Conclusions of Law

1) Appellee is entitled to judgment recovering title and possession to the 80 acres in the A. Burch Survey (as described), and in accordance with the agreed line, and providing for removal of the fence erected by the appellant, and for injunction against appellant from further trespassing on the Burch Survey.

Appellant appeals to this Court on 2 Points, contending that the Trial Court erred: 1) In rendering judgment unsupported by the evidence, and 2) In rendering judgment so ambiguous in its provisions as to render same void.

As to appellant's 1st Point—A review of the facts in this case reflects that appellee offered in evidence a duly recorded deed to the 80 acres of land in the Burch Survey, which definitely set forth all bearings and survey lines, properly locating the tract on the ground, and supported the deed by a Limitation Affidavit made and recorded in the Deed Records of Coryell County prior to the date of the deeds of either appellee or appellant. Appellee further offered evidence that the line upon which he built his fence was the same line as was agreed on as the boundary line between the Burch Survey and the Chearis Survey, adjoining it on the North, by the respective owners, more than 15 years prior to this suit. The County Surveyor testified that he surveyed the appellee's land in June 1951; that the Burch Survey contains 80 acres; that appellee's deed calls for 80 acres; that appellee has 80 acres fenced; that he began his survey at the known Northwest corner of the Wm. Young Survey and followed the calls in appellee's deed; and found the North line of the Burch Survey to be the place that W. J. Latham had always recognized as such; that the fence line appellant was building does not run parallel with the main line of the Survey but runs Southwest-Northeast, and the Southwest end is about 240 varas South of the Northeast end; that appellant's deed calls for no land out of the Burch Survey; that where appellant is building his fence cannot be the true line between the Burch and Chearis Surveys.

The County Surveyor further testified that appellant has the proper number of acres in his property in the Chearis Survey, and that if appellant's fence be permitted to stand it would take 12 to 14 acres out of the Burch Survey and increase appellant's holdings in the Chearis Survey by this amount.

The 1st survey made by the County Surveyor coincides with the callings of the deeds and the patent of appellee. The land fenced in 1951 by appellee follows all the directional calls and distances of the deed of his grantors; he was in possession of same at the time appellant acquired his property; he built his fence without any protest from appellant and held same for some time before appellant asserted any interest in the land.

Appellee proved a record title to the 80 acres in the Burch Survey, and the burden was on appellant to show that he (appellant) had superior title. See: Brinkman v. Tinkler, Tex.Civ.App., 117 S.W.2d 139, W.E. Refused; Yates v. Buffalo State Bank, Tex.Civ.App., 229 S.W. 619. This appellant failed to do. Appellant offered parol evidence to the effect that appellee's fence did not enclose the proper tract of land, but offered no deeds, fieldnotes or other records showing his title to the 12 or 14 acres in controversy. Title may not be proved by parol evidence. Rutledge v. Mitchell, Tex.Civ.App., 91 S.W.2d 1135. The appellant himself testified that he did not buy any of the Burch Survey; that his deed did not call for any of the Burch Survey; but that nevertheless he was building a fence across the Burch Survey.

Appellant relies heavily on the fact that the County Surveyor made 2 conflicting surveys of the lands in controversy, and that his testimony was in places conflicting. His 1st survey supports the contentions of the appellee; his 2nd survey while not supporting appellee's contentions, lends little consolation to the contentions of the appellant. While the County Surveyor's testimony was in places conflicting, the Trial Court resolved the conflicts—after hearing all evidence in the case—in appellee's favor. This the Trial Court had a right to do—and we cannot say that error was committed in so doing. To the contrary, viewing the record as a whole we fail to see how the Trial Judge could have done otherwise.

It is our view that the Findings of Fact, Conclusions of Law, and the Judgment of the Trial Court are all amply supported by the evidence. Appellant's 1st Point is accordingly overruled.

Appellant in his 2nd Point contends that the Trial Court erred in rendering a judgment so ambiguous in its provisions as to render the same void.

■ The test of the sufficiency of description is, whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground, and with the assistance of a competent surveyor, and without exercising judicial functions, ascertain the locality of the lines. (See 7 Tex.Jur. 259); Kingelin v. Rogers, Tex.Civ.App., 259 S.W. 2d 245.

■ It is our view that the judgment in the case at bar squarely meets the legal test above set out. The description of the appellee's property meets all requirements that the law imposes. Appellant contends that there is ambiguity in the survey of the North line made by the County Surveyor and set forth in the judgment. With this contention we cannot agree. It follows the same callings as set forth in the North line of the tract in all of the deeds to the Survey.

Appellant's 2nd Point is accordingly overruled.

The judgment of the Trial Court is affirmed.