**Roberto J. TIJERINA, Appellant,**

v.

**Gonzalo G. TIJERINA et al., Appellees.**

No. 12960.

Court of Civil Appeals of Texas.

San Antonio.

April 11, 1956.

Rehearing Denied May 16, 1956.

Gerald Weatherly, Laredo, for appellant.

John A. Pope, Jr., Rio Grande City, for appellees.

POPE, Justice.

Roberto J. Tijerina sued Ana G. Tijerina, his mother, joined by his father, in trespass to try title to recover eleven pieces of property which he deeded to her in 1941. Plaintiff obtained a favorable jury verdict, which found that his father intentionally represented to plaintiff that the instrument was a power of attorney and that plaintiff executed and acknowledged the deed by reason of the father's false inducements and those of the notary. The jury also found that plaintiff's action was not barred by the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529. No other issues were requested. The trial court gave the defendants judgment notwithstanding the jury verdict.

█ The mother says that the judgment should be affirmed because the plaintiff proved an equitable title without specially pleading the facts on which his title is based, and because plaintiff's evidence of an equitable title was insufficient to support the verdict. In our opinion, the trial court

should have granted the judgment upon the verdict.

Trespass to try title will lie for recovery of an equitable title. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Gates v. Coquat, Tex.Civ.App., 210 S. W.2d 614; Deaton v. Rush, 113 Tex. 176; 252 S.W. 1025. Such an action will not lie for the enforcement of a mere equitable right. Friend v. McComb, Tex.Civ.App., 87 S.W.2d 767; Nash v. South, Tex.Civ. App., 84 S.W.2d 293; Tijerina v. Tijerina, Tex.Civ.App., 77 S.W.2d 706; Billups v. Gallant, Tex.Civ.App., 37 S.W.2d 770.

The case was brought to recover equitable title rather than to enforce an equitable right, and trespass to try title was a proper suit. This is not a case "where the grantor knew the contents of the deed he executed, but was induced to execute it by the fraudulent representations of the grantee or of someone in privity with the grantee * * *." 16 Am.Jur., Deeds, § 31; U. S. Royalty Ass'n v. Stiles, Tex.Civ.App., 131 S.W.2d 1060. This is a case where the plaintiff signed a deed under the fraudulently induced belief that it was a mere power of attorney. The plaintiff intended to sign and understood he was signing a power of attorney but actually signed a deed. 16 Am.Jur., Deeds, § 30; 26 C.J.S., Deeds, § 68 b. The character of fraud which was proved brought the equitable title in issue and trespass to try title will lie. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Carl v. Settegast, Tex.Com. App., 237 S.W. 238; Hall v. Miller, Tex. Civ.App., 147 S.W.2d 266.

The verdict has support in the evidence. Plaintiff can not read or write; he can only sign his name. He was an enlisted man in the army. Two weeks after Pearl Harbor he visited his parents before going overseas. He was twenty-two years old. His parents told him on Christmas Eve that it would be advisable to give the father a power of attorney to look after his lands. Plaintiff testified that his father and the notary who prepared the instrument told him he was signing a power of attorney.

He signed a deed to all his property and named his mother as grantee, thinking that he was giving his father a power of attorney. The son affirmed these facts and the father denied them. There was no substantial consideration given for the deed. The mother and the notary public did not testify. The trial court erred in disregarding the verdict which was supported by the evidence.

 The four-year statute of limitations is inapplicable to a title suit. Hand v. Errington, Tex.Com.App., 242 S.W. 722; Hall v. Miller, Tex.Civ.App., 147 S.W.2d 266.

The judgment is reversed and here rendered that plaintiff recover the property sued for.