I. G. (Cap) YATES, Appellant,

v.

Billie Yates JONES et vir, Appellees.

No. 16402.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 1, 1963.

Rehearing Denied March 1, 1963.

E. B. O'Quinn, Marfa, for appellant.

Ben Goodwin, Tyler, for appellees.

MASSEY, Chief Justice.

Suit in trespass to try title to real estate was brought by Billie Yates Jones and her husband against her father, I. G. (Cap) Yates. Injunctive relief was sought in counts ancillary to the title issue. Judgment was entered for plaintiffs, decreeing title in Billie Yates Jones as against I. G. (Cap) Yates, who perfected an appeal therefrom and also from the injunction granted against him.

Judgment affirmed.

■ By conveyances from and under the admitted common source, appellee, Billie Yates Jones, established, without any dissent, title to the 3540 acres of land in Jack and Wise Counties, which title was cast in issue under the pleadings. Stated another way: Mrs. Jones established a prima facie case for recovery, under a title emanating from the common source, and thus, it became incumbent upon the appellant to rebut the prima facie case so made by proving in himself title superior to the common source. 41A Tex.Jur., p. 676, "Trespass to Try Title", § 141, "Defendant's Burden".

The title so proven was by a continuous chain of instruments. If there was any break in the "chain of title" such was not reflected by the instruments and evidence placed in the record by appellees. Appellant offered no evidence whatever. Therefore there was nothing which rebutted the prima facie case established in appellees' behalf

and they were entitled to the judgment decreeing title.

■ In his complaint of the judgment appellant says that a certain prior judgment entered against him in December, 1960, by the District Court of Jack County, purporting to decree title to the same premises in Billie Yates Jones, was wholly void. . Ergo, says he, it was reversible error to render judgment against the appellant in the instant case. Assuming arguendo that the judgment of December, 1960, was wholly void and ineffectual, yet appellees would be entitled to the same judgment obtained in the instant case on their independent proof of "chain of title". Indeed, appellees tried the instant case as though there had been no former trial. Thereafter they introduced the 1960 judgment for good measure. Their unchallenged evidence was complete without such judgment.

■ Although unnecessary to any disposition, we will state that the face of the record made in the trial court does not establish that the judgment of December, 1960, was void. Appellant's pleadings raised the question of whether it should be set aside and avoided, but he did not attempt to discharge the burden of proof incumbent upon him to avoid it.

■ The judgment entered below ordered set aside and held for naught a certain trust deed executed by appellant, as trustee for appellee Billie Yates Jones, to himself as grantee. The record thereof was also canceled and removed as a cloud on Mrs. Jones' title. Appellant claims that judgment in these respects constitutes reversible error. Evidence in the statement of facts does not include the trust deed, but, in view of the state of the pleadings, evidence was not necessary. The pleadings established the necessary undisputed facts upon the existence and record of the trust deed. It is not to be doubted that it constituted a cloud on the title in Mrs. Jones. The trial court was entitled to order cancellation and removal although probably his action in such regard was not necessary in view of the decree vesting title in Mrs. Jones.

■ Finally, appellant complains because he was enjoined from further prosecuting certain designated suits pending on the docket of the court in Jack County, and from filing any further suits or proceedings, or from taking any action against appellees respecting the land and issues involved in the instant suit. Basis of complaint is founded in the "due process" clauses of the federal and state constitutions.

The evidence in the case is replete with the story of vexation and harassing activities of the appellant in respect to Mrs. Jones' right to and use of the land, title to which was resolved in the judgment entered in Trespass to Try Title. We believe that it is not to be doubted that the trial court, under these circumstances, has clear power to enjoin purely vexatious litigation filed and prosecuted in an obvious effort to relitigate that which has become res adjudicata under its orders, judgments and decrees. Meissner v. Fuchs, 1955 (Tex. Civ.App., Galveston), 290 S.W.2d 941, writ dism.; Renfroe v. Johnson, 1944, 142 Tex. 251, 177 S.W.2d 600.

Judgment is affirmed.