**Pierce A. HOGGETT et ux., Appellants,**

v.

**Howell WRIGHT et al., Appellees.**

No. 14160.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1963.

Rehearing Denied Jan. 29, 1964.

Claud H. Gilmer, Rocksprings, Coke R. Stevenson, Pierce Stevenson, Junction, for appellants.

M. C. Blackburn, Junction, for appellees.

BARROW, Justice.

This suit was filed by appellants, Pierce A. Hoggett and wife, Marguerite Hoggett, to reform and correct the field notes in their deed of September 20, 1950, which purported to convey a forty-acre tract of land to Howell Wright. Appellants alleged that the description in the deed erroneously conveyed more than forty acres. In the alternative appellants sued in trespass to try title to recover 10.97 acres. Wright, on

April 17, 1959, conveyed twenty acres out of the forty-acre tract to Joe H. Parker, and on March 23, 1960, Parker conveyed 17.6 acres of this land to William H. Moore. Appellants filed their suit on September 16, 1960, against Wright and his wife, Parker and Moore. After a trial before a jury, the trial court rendered judgment that appellants take nothing by their suit and they have perfected this appeal.

Mrs. Hoggett is the sister of Howell Wright. In 1927, their father died intestate and each of his seven children inherited an undivided $\frac{1}{14}$th interest in the Wright Ranch, consisting of 2871 acres, located in Kimble County. Hoggett and wife subsequently acquired all interest in this ranch except that of Wright. On May 5, 1950, Hoggett and Wright entered into an agreement whereby Wright agreed to convey his undivided $\frac{1}{14}$th interest in the ranch to Hoggett for the sum of $5,000.00 and the reconveyance by Hoggett to Wright of forty acres of land in the northeastern end of the ranch, located between the north bank of the Llano River and U. S. Highway No. 377. Wright and Hoggett located the northwest corner of the tract to be reconveyed, at a designated place on the Highway, and agreed that Wright would have the land surveyed to determine the location of the west boundary line, so that the tract would contain forty acres. A surveyor was employed by Wright and the division fence erected in accordance with his survey, and his metes and bounds description was contained in the deed executed by appellants on September 20, 1950. On July 31, 1950, Wright conveyed his undivided $\frac{1}{14}$th interest in the ranch to Hoggett et ux.

Appellants alleged that in July, 1960, a question arose with the State Highway Department over the ownership of a 3.09-acre gravel bed in the northeastern part of the Wright Ranch. At this time Hoggett had the tract conveyed by the September 20, 1950, deed surveyed, and this survey determined that there were 54.06 acres in the tract. Appellants do not assert claim to the 3.09-acre gravel bed, alleged to adjoin the forty-acre tract, but brought this suit to recover the alleged excess of 10.97 acres erroneously included in the description of the September, 1950 deed. Appellants alleged that they signed the erroneous deed because of the false representation by Wright that the description contained only forty acres. Appellees answered by a plea of not guilty and affirmatively pleaded that appellants' claim was barred by appellees' ten-years adverse possession. Art. 5510, Vernon's Ann. Civ.Stats. Appellees further pleaded that the suit for reformation was barred by the four-year statute of limitation. Art. 5529, Vernon's Ann.Civ.Stats. Moore was alleged to be an innocent purchaser for value.

■ It is our opinion that the trial court erred in not granting appellants' motion for instructed verdict on their plea in trespass to try title to the 10.97 acres of land. The verdict of the jury is therefore not controlling and is substantially set out in footnote 1. The parties stipulated that Hoggett

1. The jury returned a verdict substantially as follows:
1. That Wright and Hoggett did not intend for their contract of May 5, 1950, to cover and include all of the Wright Ranch within the boundaries and limits as described in said contract.
1-A. That Wright and Hoggett upon signing the contract of May 5, 1950, did not each intend that Wright take the same land.
2. That the division fence line constructed by Wright along the west side of the land in controversy segregated more than 40 acres of the Wright Ranch.
3. That Wright at the time of the ex-

ecution of the deed on September 20, 1950, did not represent to Hoggett or his wife that the division fence line would segregate only 40 acres of the Wright Ranch. (Issues 4, 5 and 6, inquiring respectively as to whether such representation was false, relied upon, and induced Hoggett and his wife to execute the deed, were conditioned on an affirmative answer to Question No. 3, and were therefore not answered.)
7. That some or all of the three and one-fifth acres of the gravel bed lies within the banks of the Llano River.
8. Plaintiffs Hoggett and wife did not use ordinary diligence to discover any

and wife were the common source of title. This stipulation made out a prima facie case for appellants on their plea in trespass to try title and the burden of proof shifted to appellees to show superior title under the common source, or to show that they hold under a superior title not connected with the common source, or that the true title is outstanding. Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610; Yates v. Jones, Tex.Civ.App., 364 S.W.2d 872; Moran Corp. v. Brashear, Tex.Civ.App., 339 S.W.2d 557, writ refused.

It is seen that the deed of September 20, 1950, from appellants to Wright was not introduced in evidence as a muniment of title. Appellants expressly offered same for the limited purpose of showing the alleged misdescription and specifically stated that it was not being offered as a muniment of title. Appellees objected to this procedure, but their objection was overruled by the trial court with the observation that appellees could offer the deed for all purposes in connection with the presentation of their case. This was not done and therefore appellees failed to prove their title from the agreed common source. Davis v. Gale, supra.

Appellees concede in their brief that appellants' suit was filed prior to the running of ten years adverse possession of the land and that there is no basis in evidence to support the jury finding that Wright and his wife, prior to September 16, 1960, had ten years adverse possession of the land. The judgment for appellees therefore cannot be supported by the ten-year statute of limitation.

We sustain appellees' counter point that appellants' suit to reform and correct the deed is barred by the four-year statute of limitation. Davis v. Andrews, Tex.Civ. App., 361 S.W.2d 419; Hogan v. Price, Tex.Civ.App., 274 S.W.2d 745; Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174; VII Baylor Law Review 241. The four-year statute of limitation has no application, however, to appellants' alternative plea in trespass to try title to the 10.97-acre tract described in their supplemental petition. Tijerina v. Tijerina, Tex.Civ.App., 290 S.W. 2d 277.

Appellees urge that the four-year statute of limitation should apply to the plea in trespass to try title and cite the cases of Cleveland State Bank v. Gardner, Tex.Com. of App., 286 S.W. 173; Tijerina v. Tijerina, Tex.Civ.App., 77 S.W.2d 706, and Hamilton v. Green, Tex.Civ.App., 166 S.W. 97. These cases are distinguishable from our case in that in each of those cases it was necessary to reform or correct a deed before the party asserting plea in trespass to try title would have legal or equitable title. In our case the parties stipulated that appellants had legal title before the execution of the deed of September 20, 1950.

Since appellees failed to prove ten years adverse possession and the four-year statute of limitation is inapplicable, the court erred in failing to grant appellants' motion for an instructed verdict on appellants' motion for an instructed verdict on appellants' plea in trespass to try title to the 10.97 acres of land. Davis v. Gale, supra; Sherman v. Whittenburg, Tex.Civ.App., 357 S.W.2d 172;

misrepresentation of a material fact made to either of them by Wright.

8–A. That by the exercise of reasonable diligence Hoggett or his wife should have discovered any misrepresentation by Wright on September 20, 1950.

9. That William M. Moore was an innocent purchaser for value of 17.6 acres of land conveyed to him by Parker.

10. That Wright and wife held exclusive, peaceful and adverse possession of the land for a period of ten years prior to September 16, 1960.

11. That neither Hoggett nor his wife knew that the Wrights were claiming the land in controversy adverse to them.

12. That the defendants did not assert such adverse possession of the property in controversy with such unequivocal notoriety that plaintiffs would be presumed to have notice of such adverse claim and possession.

13. That the metes and bounds description of the river bank boundary line as made by Wright's surveyor affixed the river bank where it is actually located.

Dixon v. Bennett, Tex.Civ.App., 260 S.W. 2d 372; Fauth v. First Nat. Bank of Granbury, Tex.Civ.App., 214 S.W.2d 168; Dominguez v. Garcia, Tex.Com.App., 53 S.W.2d 459.

Moore's plea that he is an innocent purchaser for value must fail also, as he claims title through Wright. The deed from Hoggett to Wright was not introduced in evidence as a muniment of title and therefore Moore has shown no title from the common source.

The judgment of the trial court is reversed and here rendered that appellants, Pierce A. Hoggett and wife, Marguerite Hoggett, recover title to the 10.97 acres of land described in their first supplemental petition.

On Motion for Rehearing.

■ Appellees urge in their motion for rehearing, that they were not required to introduce their deed from the common source into evidence as a muniment of title, for the reason that appellants had pleaded this deed in connection with their plea to reform same. Appellees assert that since the execution of this deed was averred in appellants' petition, there was no necessity for them to produce it in evidence. Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.2d 187; Graham v. Henry, 17 Tex. 164; Jansen v. Kelley, Tex.Civ.App., 206 S.W.2d 856.

This rule has no application here, because the deed was not pleaded by appellants as a muniment of title in appellees, but for the express purpose of showing that the description of the property conveyed was in error and should be reformed. Our case is similar to that of Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610, where the plaintiff pleaded that a described deed created a cloud on his title and sought to remove the cloud. The deed was not introduced as a muniment of title by the plaintiff, but only for the limited purpose of showing the cloud on his title. The Supreme Court held

that the deed did not inure to the benefit of the defendant in proof of his title. Rule 798, Texas Rules of Civil Procedure; 41-A Tex.Jur. 710.

It is therefore our opinion that appellees failed to prove their title in the trespass to try title action when they did not introduce their deed from the stipulated common source into evidence.

■ Appellees also urge that in the interest of justice the case should be remanded rather than rendered. It is the rule that where the ends of justice will be better subserved by remand to the trial court for new trial, than by rendition, the Court should remand the case. Davis v. Gale, supra; Hicks v. Matthews, 153 Tex. 177, 266 S.W. 2d 846. We have therefore reviewed the entire record in consideration of this point.

The primary dispute between the parties is over the accuracy of the survey made for appellees. Appellees agree that they are entitled to only forty acres, but assert that they have this amount in their survey. Appellants assert that the survey contains an excess of 10.97 acres. Neither party requested the court to appoint a surveyor, as provided in Rule 796, T.R.C.P. This dispute between the surveyors was not resolved by the jury. The jury found that the appellees' survey contained more than forty acres. How much excess and where it is located is still unknown. The jury found that appellees' surveyor correctly surveyed only to the cut bank of the river rather than to the water, as was done by appellants' surveyor. The appellees asserted the ten-year statute of limitation in the trial court, but, despite favorable jury findings, now concede that they failed in this defense. These were the controverted issues in the trial court and both parties failed to prove their contentions.

Appellants pleaded a formal trespass to try title action in the alternative. Common source in appellants was stipulated. The record does not indicate why appellees failed to formally introduce their deed from ap-

pellants in evidence as a muniment of title. It is our opinion that justice will be better served by a remand of this case for new trial for determination of the correct west boundary line of appellees' forty acres.

The motion for rehearing is therefore granted and our judgment of November 13, 1963, is set aside. The judgment of the trial court is reversed and the cause remanded for a new trial.